| | | FILED | LODGED |
|---|---|---|---|
| | | RECEIVED | COPY |

NOV 1 9 2007

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1  DANIEL G. KNAUSS
United States Attorney
2  District of Arizona

3  VINCENT Q. KIRBY
Assistant United States Attorney
4  Two Renaissance Square
40 North Central Avenue, Suite 1200
5  Phoenix, Arizona  85025
State Bar No. 006377
6  Telephone: (602) 514-7500
Vincent.Kirby@usdoj.gov

| FILED | ✓ LODGED |
|---|---|
| RECEIVED | COPY |

JUN 0 4 2007

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | **CR-06-775-PCT-MHM** |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| Shawnelle Shya Kasey, | |
| Defendant. | |

Plaintiff, United States of America, and defendant, Shawnelle Shya Kasey, hereby agree to the following disposition of this matter:

## PLEA

Defendant will plead guilty to **Murder, Second Degree**, as a lesser included offense of Murder, First Degree as charged in Count 1 of the Superseding Indictment, in violation of Title 18, United States Code, Section 1153and 1111, a Class A felony offense.

## TERMS

Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence.  Defendant understands, however, that the Sentencing

SCANNED

1 Guidelines are only advisory, and that after considering the Sentencing Guidelines, the
2 Court may be free to exercise its discretion to impose any reasonable sentence up to the
3 maximum set by statute for the crimes of conviction.

4

5 1.     **MAXIMUM PENALTIES**

6      (a)    A violation of **Title 18, United States Code, Section 1111**, is punishable
7 by a maximum fine of $250,000.00, or a maximum term of imprisonment of up to life, or
8 both and a term of supervised release not to exceed 5 years.

9      (b)    According to the Sentencing Guidelines issued pursuant to the Sentencing
10 Reform Act of 1984, the court shall:

11         (1)  Order the defendant to make restitution to any victim of the offense
12 unless, pursuant to Title 18, United States Code, Section 3663, the court determines that
13 restitution would not be appropriate in this case;

14         (2)  Order the defendant to pay a fine, which may include the costs of
15 probation, supervised release or incarceration, unless, pursuant to Title 18, United States
16 Code, Section 3611, the defendant establishes the applicability of the exceptions found
17 therein;

18         (3)  Order the defendant, pursuant to Title 18, United States Code, Section
19 3583 to serve a term of supervised release when required by statute or when a sentence of
20 imprisonment of more than one year is imposed, and the court may impose a term of
21 supervised release in all other cases.

22      (c)  Pursuant to Title 18, United States Code, Section 3013, the court is required to
23 impose a special assessment on the defendant of $100.00 per count.  The special
24 assessment is due at the time the defendant enters the plea of guilty, but in no event shall
25 it be paid later than the time of sentencing.

26

2

1  **2.   AGREEMENTS REGARDING SENTENCING**

2       (a)   The parties stipulate, pursuant to Rule 11(c)(1)(C) that the defendant shall

3  be sentenced to not less than 17.5 nor more than 30 years in prison.  There are no other

4  agreements regarding sentencing.

5       (b)   If the court, after reviewing this plea agreement, concludes that any

6  provision is inappropriate, it may reject the plea agreement, giving either party an

7  opportunity to withdraw from the agreement pursuant to Rule 11 (c)(5) Fed. R. Crim. P.

8       (c)   The United States retains the unrestricted right to make any and all

9  statements it deems appropriate to the Probation Office and to make factual and legal

10  responses to any statements made by the defendant or defense counsel or objections to the

11  presentence report or to questions by the court at the time of sentencing.

12       (d)   Assuming the defendant makes as full and complete disclosure to the

13  Probation Department of the circumstances surrounding the defendant's commission of

14  the offense, if the defendant is eligible for the two-level reduction pursuant to Section

15  3E1.1 of the Guidelines and, if the defendant demonstrates an acceptance of responsibility

16  for this offense up to and including the time of sentencing, the United States will motion

17  the court to reduce by an additional one level the applicable sentencing guideline offense

18  level, pursuant to Section 3E1.1 of the Guidelines.

19

20  3.   **AGREEMENT TO MAKE RESTITUTION**

21       Defendant specifically agrees to pay any restitution that the Court determines

22  appropriate in this case.

23

24  **4.   AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

25       The government will dismiss Counts 3 and 4 at the time of sentencing.   However,

26  the court may consider these matters in determining the appropriate sentence.

3

5.  **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant  The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742; and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.  The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

6.  **PERJURY AND OTHER FALSE STATEMENT OFFENSES OR OTHER OFFENSES**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement.  Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

7.  **REINSTITUTION OF PROSECUTION**

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States  will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated.  In such event, defendant waives any objections, motions, or

4

1  defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional

2  restrictions in bringing of the later charges or proceedings.  The defendant understands

3  that any statements made at the time of the defendant's change of plea or sentencing may

4  be used against the defendant in any subsequent hearing, trial or proceeding as permitted

5  by Fed. R. Crim. P. 11(e)(6).

6  **8.    DISCLOSURE OF INFORMATION TO U.S. PROBATION OFFICE**

7        (b)    ⋅ Defendant understands the United States' obligation to provide all

8  information in its file regarding defendant to the United States Probation Office.

9        (c)    The defendant will cooperate fully with the United States Probation Office.

10  Such cooperation will include truthful statements in response to any questions posed by

11  the Probation Department including, but not limited to:

12        (1)    All criminal history information, i.e., all criminal convictions as

13  defined under the Sentencing Guidelines.

14        (2)    All financial information, e.g., present financial assets or liabilities

15  that relate to the ability of the defendant to pay a fine or restitution.

16        (3)    All history of drug abuse which would warrant a treatment condition

17  as part of sentencing.

18        (4)    All history of mental illness or conditions which would warrant a

19  treatment condition as a part of sentencing.

20

21

22

23

24

25

26

**FACTUAL BASIS**

I further agree that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

**ELEMENTS**

**Second Degree Murder**

First, the victim is an Indian

Second, the crime took place in Indian Country, District of Arizona

Third, the defendant killed the victim,

Fourth, the defendant did so with malice aforethought.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

**FACTS**

On or about June 2, 2006, in the District of Arizona, within the confines of the Ft. Apache Indian Reservation, Indian Country, the defendant, an Indian was at the Hon Dah Casino. She gave a ride to the victim so they could drink in the Canyon Day community. The defendant and others believed that the victim was responsible for the death of the defendant's best friend. They gathered and drank for a while. The defendant grabbed the victim around the neck from behind and held her as others began to kick and punch the victim. As the assaults occurred, the defendant stabbed the victim in the back several times. At some point the victim fell to the ground and the defendant repeatedly stabbed her. The body was later transported and dumped in a river. The victim died as a result of the multiple stab wounds.

**DEFENDANT'S APPROVAL AND ACCEPTANCE**

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

6

1  I have discussed the case and my constitutional and other rights with my attorney.

2  I understand that by entering my plea of guilty I will be giving up my rights to plead not

3  guilty, to trial by jury, to confront, cross-examine, and compel the attendance of

4  witnesses, to present evidence in my defense, to remain silent and refuse to be a witness

5  against myself by asserting my privilege against self-incrimination -- all with the

6  assistance of counsel -- and to be presumed innocent until proven guilty beyond a reason-

7  able doubt.    I agree to enter my guilty plea as indicated above on the terms and

8  conditions set forth in this agreement.

9  I have been advised by my attorney of the nature of the charges to which I am

10 entering my guilty plea.  I have also been advised by my attorney that the court will utilize

11 the United States Sentencing Guidelines to calculate an advisory guideline sentencing

12 range, but that the court is free if it so chooses to sentencing me outside of that range but

13 within the limits set forth in this agreement.

14 My guilty plea is not the result of force, threats, assurances or promises other than

15 the promises contained in this agreement.  I agree to the provisions of this agreement as a

16 voluntary act on my part, rather than at the direction of or because of the recommendation

17 of any other person, and I agree to be bound according to its provisions.

18 I fully understand that, if I am granted probation or placed on supervised release by

19 the court, the terms and conditions of such probation/supervised release are subject to

20 modification at any time. I further understand that, if I violate any of the conditions of my

21 probation/supervised release, my probation/supervised release may be revoked and upon

22 such revocation, notwithstanding any other provision of this agreement, I may be required

23 to serve a term of imprisonment or my sentence may otherwise be altered.

24 I agree that this written plea agreement contains all the terms and conditions of my

25 plea and that promises made by anyone (including my attorney), and specifically any

26

7

1 predictions as to the guideline range applicable, that are not contained within this written

2 plea agreement are without force and effect and are null and void.

3      I am satisfied that my defense attorney has represented me in a competent manner.

4      I am fully capable of understanding the terms and conditions of this plea

5 agreement. I am not now on or under the influence of any drug, medication, liquor, or

6 other intoxicant or depressant, which would impair my ability to fully understand the

7 terms and conditions of this plea agreement.

8

9 _6-4-07_                        _Shawnell for Shya Kasey_

  Date                                    SHAWNELLE SHYA KASEY

10                                         Defendant

11

12

13

14

15 ## DEFENSE ATTORNEY'S APPROVAL

16      I have discussed this case and the plea agreement with my client, in detail and have

17 advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

18 constitutional and other rights of an accused, the factual basis for and the nature of the

19 offense to which the guilty plea will be entered, possible defenses, and the consequences

20 of the guilty plea including the maximum statutory sentence possible. I have further

21 discussed the sentencing guideline concept with the defendant. No assurances, promises,

22 or representations have been given to me or to the defendant by the United States or by

23 any of its representatives which are not contained in this written agreement. I concur in

24 the entry of the plea as indicated above and on the terms and conditions set forth in this

25 agreement as in the best interests of my client. I agree to make a bona fide effort to

26

8

1  ensure that the guilty plea is entered in accordance with all the requirements of

2  Fed. R. Crim. P. 11.

3

4  _6/4/07_
   Date                                    JEFFREY WILLIAMS
5                                          Attorney for Defendant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## UNITED STATES' APPROVAL

2

I have reviewed this matter and the plea agreement.  I agree on behalf of the

3

United States that the terms and conditions set forth are appropriate and are in the best

4

interests of justice.

5
6

DANIEL G. KNAUSS
United States Attorney
District of Arizona

7
8

June 4, 2007
Date

9

VINCENT Q. KIRBY
Assistant U.S. Attorney

10
11

## COURT'S ACCEPTANCE

12
13
14

11-26-07
Date

15

HONORABLE MARY H. MURGUIA
United States District Court Judge

16
17
18
19
20
21
22
23
24
25
26

10